**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRADLEY S. BINGAMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 24-1638 |
| v. | ) | |
| | ) | |
| TINA WALKER, *et al.*, | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| Respondents. | ) | |
| | ) | |

**MEMORANDUM ORDER**

This matter comes before the Court upon Petitioner Bradley S. Bingaman's ("Bingaman") objections (Docket No. 18) to the Report and Recommendation ("R&R") (Docket No. 17) entered by United States Magistrate Judge Kezia O. L. Taylor on November 21, 2025. The R&R recommends that Bingaman's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody (the "Petition") (Docket No. 1) be dismissed as moot, and that Bingaman's Motion for Permission to File Supplemental Pleading Pursuant to Rule 15(d) ("Motion to File Supplemental Pleading") (Docket No. 16) be denied without prejudice to Bingaman's right to initiate new habeas proceedings challenging the Board's most recent decision denying him parole. (Docket No. 17 at 1, 4). Service of the R&R was made on Bingaman via U.S. Mail. (*Id.* at 4). The R&R informed the parties that objections to same were due by December 5, 2025, and by December 8, 2025, for Unregistered ECF Users. (*Id.* at 4 and Docket text entry). Bingaman filed his objections to the R&R on December 9, 2025. (Docket No. 18). The Petition is ripe for disposition.

In the R&R, Judge Taylor recommends that the Petition be dismissed as moot because the appropriate remedy here is a new hearing before the Pennsylvania Parole Board (the "Board") and, since Bingaman has had a new hearing since the filing of this Petition, any claims challenging the

1

Board's earlier denial of parole on September 30, 2024, are now moot.  (Docket No. 17 at 3).

Judge Taylor also indicates in a footnote that, even if the challenge of the parole denial was not

moot, Bingaman procedurally defaulted his due process claims by not filing a mandamus petition

in Pennsylvania's Commonwealth Court.  (*Id.* at 3-4 n.1).

In objecting to the R&R, Bingaman argues that his Petition is not moot because he is not

requesting a new hearing, but is instead requesting that the Court order the Board to release him

on parole, and because his claims are continuing and ongoing.  (Docket No. 18 at 1-2).  Bingaman

also objects to the R&R's additional footnoted finding that, even if his Petition was not moot, his

due process claims would be subject to dismissal for failure to exhaust state administrative

remedies, arguing that there is no exhaustion requirement for habeas petitions challenging parole

denials on due process grounds.  (*Id.* at 2-3).

The Federal Rules of Civil Procedure provide that a party may file specific written

objections to the proposed findings and recommendations of a magistrate judge, and a district

judge must conduct a *de novo* review of any part of the R&R that has been properly objected to.

*See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify

the recommended disposition, as well as receive further evidence or return the matter to the

magistrate judge with instructions.  *See id.*

Upon careful *de novo* review of the R&R, Bingaman's objections thereto, and the record

in its entirety, the Court concludes that Bingaman's objections do not undermine the R&R's

recommended disposition.  In so finding, the Court agrees with Judge Taylor's conclusion that the

Petition, which challenges the Board's denial of parole in September 2024, is moot.  (Docket No.

17 at 3).  Although Bingaman asserts in his objections that his Petition is not moot because the

remedy he requests is that the Court order the Board to release him on parole, not that he be given

a new hearing, the Court is not persuaded by such argument. (Docket No. 18 at 1). Rather, the Court agrees with Judge Taylor that the appropriate remedy in this case, which challenges the Board's decision to deny him parole, would be a new hearing before the Board. (Docket No. 17 at 3). *See, e.g., Bond v. Kirby*, Civ. Action No. 16-4027, 2017 WL 1352217, at *4 (D.N.J. Apr. 10, 2017) ("'In the absence of unusual circumstances,' remand for a new hearing is the appropriate habeas remedy when a petitioner challenges a [Board] decision." (quoting *Gambino v. Morris*, 134 F.3d 156, 165 (3d Cir. 1998))). The Court further agrees with Judge Taylor that, because Bingaman has already had a new hearing since he filed this Petition, any claims challenging the denial of parole prior to the new decision are moot. (Docket No. 17 at 3). *See, e.g., Williams v. Pennsylvania Bd. of Probation & Parole*, Civ. Action No. 07-3158, 2008 WL 5120773, at *3 (E.D. Pa. Oct. 31, 2008) (citing various district court decisions, and finding that since petitioner challenged a Board decision, since appropriate relief would be a new hearing by the Board, and since petitioner received a new parole decision since filing his habeas claim, to the extent the petition challenged the denial of parole prior to that new decision, the habeas petition was moot). Additionally, the Court agrees with Judge Taylor that, although Bingaman seeks permission to "supplement" his Petition to include claims challenging the parole denial on October 17, 2025, the appropriate course of action is for Bingaman to initiate a new habeas proceeding challenging that Board decision. (Docket No. 17 at 3).

The Court also agrees with Judge Taylor that, even if the Petition were not moot, Bingaman's due process claims would nevertheless be subject to dismissal for his failure to exhaust administrative remedies. (Docket No. 17 at 3-4 n.1). The Court agrees that the Commonwealth Court has made it clear that a prisoner can raise a due process claim in a mandamus action challenging the Board's decision to deny parole. (*Id.* (citing cases)). The Court

further agrees that Respondents have established that Bingaman had a firmly established state court remedy available to him to challenge the Board's September 2024 decision on due process grounds, since he could have filed a mandamus petition within the Commonwealth Court's original jurisdiction. (*Id.*). Since he did not file such a petition, however, Bingaman procedurally defaulted his due process claims. (*Id.*).

Thus, after *de novo* review of the Petition and the record in this case, including the R&R and Bingaman's objections thereto, the Court agrees with Judge Taylor's recommendation that Bingaman's Petition be denied as moot, and that Bingaman's Motion to File Supplemental Pleading be denied without prejudice to Bingaman's right to initiate new habeas proceedings challenging his most recent denial of parole.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 28th day of May, 2026,

IT IS HEREBY ORDERED that Petitioner Bradley S. Bingaman's ("Bingaman") objections (Docket No. 18) to the Report and Recommendation ("R&R") are OVERRULED, and the R&R (Docket No. 17) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Bingaman's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody (Docket No. 1) is DISMISSED AS MOOT.

IT IS FURTHER ORDERED that Bingaman's Motion for Permission to File Supplemental Pleading Pursuant to Rule 15(d) (Docket No. 16) is DENIED WITHOUT PREJUDICE to Bingaman's right to initiate new habeas proceedings challenging his most recent denial of parole.

IT IS FURTHER ORDERED that a certificate of appealability will not be issued as jurists of reason would not find it debatable whether the Petition should be dismissed as moot.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of

4

Appellate Procedure, if Bingaman wishes to appeal from this Order he must file a notice of appeal within 30 days, as provided in Rule 3 of the Federal Rules of Appellate Procedure, with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Bingaman is referred to Rule 22 of the Federal Rules of Appellate Procedure and to 3d Cir. L.A.R. 22.1 for the timing requirements for applying for a certificate of appealability from the Court of Appeals (available at https://www2.ca3.uscourts.gov/legacyfiles/2011_LAR_Final.pdf).

The Clerk of Court shall mark this case closed.


*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge


cc/ecf:        The Honorable Kezia O. L. Taylor
               Bradley S. Bingaman (via U.S. Mail)

5